IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAMON MATAI SEEI,<br><br>Defendant. | Case No. 2:26-CR-00361<br><br>PROTECTIVE ORDER PURSUANT TO FRCrimP Rule 16(d)<br><br>Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

On the motion of the United States, with the stipulation of the Defendant by and through his counsel, and good cause appearing, the United States' Motion for Protective Order Pursuant to FRCrimP Rule 16(d) is granted.

**FINDINGS of FACT and CONCLUSIONS of LAW**

The instant above-captioned criminal case involves the alleged secretion, destruction, and delay of mail by a former letter carrier in violation of 18 U.S.C. § 1703(a). The charges include allegations that, without authorization, Mr. Seei disposed of about 300 mail-in ballots by throwing them into a dumpster. The discovery contains sensitive information including:

☒ Personal information (including names, physical addresses, email addresses, dates of birth, social security numbers, taxpayer identification numbers, driver license numbers, financial account numbers, phone numbers and/or similar unique identifying information) of the victim(s), third parties, and/or potential witnesses.

☐ Personal identifying information, including photographs and videos, for individuals that do not appear to be related to the criminal conduct in this case.

☐ Audio recordings, video recordings (with or without audio) and/or personally identifiable pictorial depictions of the victim(s) and other potential non-law enforcement witnesses.

☐ Identifying information, including true names and photographs, of a child victim/witness, which information is protected pursuant to 18 U.S.C. § 3509(d)(2) and (3).

☐ Information involving juvenile delinquency. Juvenile delinquency records must be safeguarded from disclosure, with few exceptions, pursuant to 18 U.S.C. § 5038(a).

☐ Information that could reasonably be used to identify the government's confidential sources.

☐ Identifying information, including true names and photographs, regarding government agents who acted in an undercover capacity with respect to this investigation.

☐ Message content and other private communications—including from confidential sources, co-conspirators, victims, and other individuals—that are unrelated to the criminal conduct in this case.

☐ Tax returns or tax information.

☐ Medical or mental health records.

☐ Identifying information including true names and photographs of minors.

☐ Other: A list of victim voters' names, addresses, and contact information, and records relating to their voting history.

The defendant's counsel has requested unredacted discovery to assist in reviewing the case and preparing a defense. The United States considers this a reasonable request subject to a protective order protecting the sensitive information identified below.

Rule 16(d)(1) provides, in pertinent part, that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Crime Victims' Rights Act, 18 U.S.C. § 3771 indicates that victims have the right to be reasonably protected from the accused and to be treated with fairness and with respect for the victim's dignity and privacy. Rule 49.1(a) of the Federal Rules of Criminal Procedure expressly provides for the redaction of dates of birth and addresses of all persons in court filings. Where there is a finding "good cause," Rule 49.1(e) gives the court discretion to issue protective orders requiring the "redaction of additional information." Finally, several district courts have specifically endorsed and approved protective orders restricting the use of AI tools to process or review discovery.

*Morgan v. V2X, Inc.*, No. 25–CV–01991–SKC–MDB, 2026 WL 864223 (D. Colo. Mar. 30, 2026); *Jeffries v. Harcros Chemicals Inc.*, No. 25-2352-KHV-ADM, 2026 WL 820218 (D. Kan. Mar. 25, 2026); *United States v. Hoskins*, No. 24 CR 454-2, 2026 WL 1493698 (N.D. Ill. May 28, 2026).

**ORDER**

Based on the foregoing, it is hereby ORDERED that the production and use of unredacted discovery (including audio recordings of the victim and witnesses and other sensitive information) shall be governed by the following restrictions:

1. **Unredacted Discovery.** The United States may provide defense counsel with unredacted discovery, including documents and recordings that contain personal identifying information of the victim and of third parties and other sensitive information identified above.

2. **Disclosures to the Defense Team Permitted.** Subject to the limitations contained in this Order, the discovery materials, both redacted and unredacted, may be disclosed to the defendant's attorney and other individuals or entities acting within the attorney-client relationship in connection with preparation of the criminal case, such as co-counsel, legal assistants, paralegals, investigators, and retained experts. Counsel for the United States may authorize, in writing, further disclosure of the discovery without further order of this Court.

3. **Limited Use of Discovery.** The discovery materials provided in this case, both redacted and unredacted, are solely for the use of the defendant, the defendant's respective attorney(s), and other individuals or entities acting within the attorney-client relationship to prepare for trial in the criminal case now before the Court. No information disclosed by the United States pursuant to Federal Rules of Criminal Procedure Rule 16(a), the United States' discovery policies, or pursuant to this Order shall be used for any other purpose or proceeding, including any civil or administrative proceeding.

4. **Third Party Disclosures Prohibited.** The discovery materials shall not be disclosed to or made available for inspection, copying, or dissemination by any person, other than as described herein. A copy of this protective order shall be given to any person receiving discovery.

5. **Copies Treated the Same as Originals.** Subject to the limitations contained in this Order, defense counsel may physically or electronically reproduce the discovery materials as deemed necessary by defense counsel for use in connection with this case. Any reproductions of discovery made by defense counsel shall be treated in the same manner as the original discovery.

6. ***Redacted* Disclosures to the Defendant and Witnesses Permitted.** Discovery materials, ***except*** audio recordings, video recordings (with or without audio) and personally identifiable pictorial depictions of the victim(s), other potential non-law enforcement witnesses, and government agents who acted in an undercover capacity with respect to this investigation, may be provided to the defendant on the condition that the following information is removed: full names (first and last initial may be utilized), personal identifying information including dates of birth and social security numbers, financial account numbers, physical addresses, telephone numbers, and other contact information such as email addresses and social media addresses.

***Redacted*** audio recordings, video recordings (with or without audio) and/or personally identifiable picture depictions of the victim(s), other potential non-law enforcement witnesses, and government agents who acted in an undercover capacity with respect to this investigation, may be reviewed with the defendant, but a copy of such materials shall not be given to the defendant. The defendant's counsel may make a written transcript of any audio or video recording, which may be provided to the defendant, but any transcript including the full names (first and last initial may be utilized), personal identifying information including dates of birth and social security numbers,

financial account numbers, physical addresses, telephone numbers, and other contact information such as email addresses and social media addresses shall be handled in the same way as ***unredacted*** discovery.

Redacted discovery may also be shown to witnesses.

7. **Reasonable Compliance Measures.** Counsel for the defendant is responsible for employing reasonable measures to control duplication of, and access to, the discovery materials. Such reasonable measures include, but are not limited to, secure storage of and restricted electronic access to the materials, prominent markings on files and containers advising of the confidential nature of the materials, providing a copy of this order to any authorized recipient of discovery, and notifying them that they are subject to the terms of this order. This order does not relieve the parties' separate obligations to ensure their Court filings comply with Rule 49.1's provisions for privacy protection.

8. **Enforcement.** Any knowing and willful violation of this protective order may result in a contempt of court proceeding or other civil or criminal sanctions.

9. **Conclusion of Case.** The protective order shall extend beyond the conclusion of this case. Defense counsel shall manage their files in accordance with their ethical responsibilities and their internal office policies.

10. **Continuing Jurisdiction.** The provisions of this order governing the disclosure and use of the discovery shall not terminate at the conclusion of this criminal prosecution.

DATED this 8th day of October, 2026.

BY THE COURT:

______________________________

Dustin B. Pead
United States Magistrate Judge