IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAMON MATAI SEEI,<br>Defendant. | **ORDER CONTINUING TRIAL AND EXCLUDING TIME FROM SPEEDY TRIAL CALCULATIONS**<br><br>Case No. 2:26-CR-361-TS |

Based on Mr. Seei's motion to continue trial and exclude time from the speedy trial calculations, the Court makes the following findings:

1. Mr. Seei was indicted on September 16, 2026, and appeared before Magistrate Dustin Pead on September 22, 2026. A three-day jury trial was set for November 30, 2026, which was within the time allowed under the Speedy Trial Act. Dkt. No. 13.
2. This is Mr. Seei's first request for a continuance of the trial in this matter and is made in good faith and not merely for the purpose of delay.
3. The length of delay requested is 90-days.
4. Mr. Seei moves for an ends-of justice continuance under 18 U.S.C. § 3161(h)(7)(A).
5. The supporting facts for this motion are as follows:
   a. NOC2 was recently disseminated. Additional time is required to review this with the client and assess its impact on the case. The parties also need an additional 90-days to complete investigation and develop potential mitigation.

   b. The parties are in the process of negotiating the case. An additional 90-days is needed to facilitate a potential resolution.

   c. There are no other defendants in the case.

6. Defense counsel has secured a stipulation from counsel for the government, Todd Bouton.

7. Defense counsel has conferred with Mr. Seei and explained the need for a continuance. He agrees that the defense will not be hindered or prejudiced by the delay.

8. Fifty-two days have elapsed for purposes of the Speedy Trial Calculation.

9. There are no other defendants in the case.

Based on these findings, the Court concludes that failure to grant the requested continuance would deny Mr. Seei the reasonable time necessary to complete an adequate review of the evidence against him and marshal a constitutionally effective defense to meet that evidence, accounting for the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A)(iv). Under the circumstances, the ends of justice served by continuing the trial outweigh the interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, Mr. Seei's motion to continue is GRANTED. The Court continues the jury trial set for November 30, 2026, and is continued to the 1st day of March, 2027 at 8:30 a.m. The Court excludes the time between the date of Mr. Seei's motion and the new trial date from speedy trial calculations under 18 U.S.C. § 3161(h)(7)(A).

DATED this 13th day of November 2026. 11.13

BY THE COURT:

TED STEWART
United States District Judge